UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN K. KLEIN,

        Plaintiff,

  v.                                                                           Case No. 09-C-562

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY and WELLS FARGO BANK
WISCONSIN N.A.,

        Defendants.

**ORDER**

      Plaintiff Kevin K. Klein filed this action in Brown County Circuit Court seeking to recover $150,000 in proceeds of a life insurance policy written by Defendant Hartford Life and Accident Insurance Company ("Hartford") covering the life of Mary J. Klein. Defendant Wells Fargo Bank Wisconsin, N.A. ("Wells Fargo") is named in the complaint as the trustee of the Mary J. Klein Revocable Trust of 2005, the beneficiary of the policy. Klein claims that Hartford wrongfully denied the trustee's claim for the proceeds of the policy. Klein also alleges that Hartford's denial of the claim was in bad faith. Hartford removed this case on June 5, 2009, alleging diversity jurisdiction under 28 U.S.C. § 1332. Wells Fargo has yet to appear in this matter. The case is before me on Hartford's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Hartford contends that Klein lacks standing to sue.[1] For the reasons that follow, Hartford's motion will be denied.

---

[1] Hartford also moved to strike Klein's demand for attorneys' fees, but has since withdrawn its motion to strike. (Reply Br. in Supp. of Mot. to Dismiss at 3.)

**BACKGROUND**

According to the complaint, on or about June 3, 2005, Mary J. Klein applied for accident coverage offered through her bank, Wells Fargo, in the amount of $1,000. (Compl. ¶ 4.) Effective July 1, 2005, a basic life and accident policy was issued to Mary J. Klein. (*Id*.) On or about October 21, 2006, Mary J. Klein applied for additional coverage in the amount of $150,000 and agreed to pay the associated premiums. (Compl. ¶ 5.) Hartford then "reissued" a policy to Mary J. Klein effective January 1, 2007, with the beneficiary named in the Certificate of Insurance being the Mary J. Klein Revocable Trust of 2005. (Compl. ¶ 6.) Plaintiff Klein alleges that he is the principal beneficiary of the trust. (Compl. ¶ 1.) Under the terms of the policy, Hartford agreed to pay the named beneficiary $151,000 if Mary J. Klein died as a result of an accident within 365 days of the time the accident occurred. (Compl. ¶ 7.)

Mary J. Klein injured her head in a fall on December 23, 2006, and died on January 12, 2007. (Compl. ¶ 8.) After her death, Wells Fargo, as trustee, filed a claim with Hartford for payment of the $151,000 under the policy. (Compl. ¶ 9.) Hartford issued a check to Wells Fargo as trustee in the amount of $1,000 but refused to pay the additional $150,000, claiming that her death was not the result of an accident and that she was not a covered person under the policy. (Compl. ¶¶ 9, 11.) Klein alleges that Wells Fargo, as trustee, has suffered damages as a result of nonpayment. (Compl. ¶ 12.)

**ANALYSIS**

In reviewing the plaintiff's complaint with regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th

Cir.1 997). A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court over the subject matter related in the complaint.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 2, cl.1. The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing to sue in federal court "the plaintiff must allege (1) that he has suffered an injury in fact (2) that is fairly traceable to the action of the defendant and (3) that will likely be redressed with a favorable decision." *Books v. City of Elkhart*, 235 F.3d 292, 299 (7th Cir. 2000) (citing *Lujan*, 504 U.S. at 560-61).

In Wisconsin, "when a third party damages trust property, it is the trustee and not the beneficiary of the trust who is the proper party to maintain an action for the damages." *Tallmadge v. Boyle*, 2007 WI App 47, ¶ 24, 300 Wis. 2d 510, ¶ 24, 730 N.W. 2d 173, ¶ 24 (citing *United States ex rel. Mosay v. Buffalo Bros. Mgmt., Inc.*, 20 F.3d 739, 742 (7th Cir. 1994)). Wisconsin recognizes two exceptions to the general rule that a trustee is the proper party to maintain an action. A beneficiary may bring an action if "(1) there is a conflict of interest with the trustee; or (2) if the trustee fails to bring a meritorious claim against a third party for failing to provide contracted services." *Id*. at ¶ 25 (citing *Schaefer v. Schaefer*, 91 Wis. 2d 360, 368, 283 N.W.2d 410 (Wis. Ct. App. 1979)).

Here, Klein argues in response to Hartford's motion to dismiss that he has standing as both exceptions apply. Klein contends that Hartford and Wells Fargo have a contractual relationship such that Wells Fargo is conflicted. Klein has submitted an affidavit of Attorney Jon D. Anderson, who drafted the Mary J. Klein Revocable Trust of 2005, in which he sets forth his understanding from his discussions with a Wells Fargo representative that the trustee did not intend to pursue

litigation against Hartford. Based on this affidavit, Klein contends that one if not both of the exceptions to the general rule making the trustee the real party in interest applies.

Hartford takes issue with Klein's assertion of new facts in his brief and the affidavit, as the facts are not set forth in the complaint. Hartford cites the Seventh Circuit's decision in *Help At Home Inc. v. Med. Capital, LLC*, 260 F.3d 748 (7th Cir. 2001), in support of its claim that new facts asserted in briefs or affidavits can only be considered if they are consistent with the complaint. *Help At Home*, along with the case upon which it relies, *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962,(7th Cir. 1992), concerned motions to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Thus, these decisions are unhelpful to the question before me here which is whether a plaintiff responding to a motion to dismiss under Rule 12(b)(1) for lack of standing may submit factual information in support of its claim that subject-matter jurisdiction exists.

It is appropriate for a court to consider evidentiary materials submitted by a plaintiff defending against a motion to dismiss where the defendant has first made a factual attack on the existence of subject-matter jurisdiction. "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). A plaintiff who fails to produce evidence sufficient to demonstrate that he has standing once a defendant has made a factual challenge risks dismissal. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) ("If standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof'–that is a showing by a preponderance of the evidence–that standing exists.") (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir.1996)); *see also Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987)

(plaintiff faced with motion under Rule 12(b)(1) challenging the factual basis for jurisdiction must submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction).

Based upon Attorney Anderson's affidavit, the Court is satisfied, at least at this stage of the proceedings, that Klein has standing to sue as beneficiary under the policy. Attorney Anderson's affidavit indicates that Wells Fargo, as trustee, is unwilling to bring a meritorious claim against a third party for failing to provide contracted services. Under these circumstances, a beneficiary is allowed to bring the action. *Tallmadge*, 2007 WI App 47, ¶ 25. The Court would reach the same conclusion at this stage, however, even if Anderson's affidavit was not considered. Klein brought this suit for the policy's proceeds against Hartford *and the trustee*, Wells Fargo. A fair reading of the complaint would lead one to conclude that the trustee has refused to bring the action. "It is easy to imagine facts consistent with this complaint . . . that will show plaintiffs' standing, and no more is required." *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 920 (7th Cir. 2002) (citations omitted). Accordingly, Hartford's motion to dismiss is **DENIED**.

**SO ORDERED** this   17th   day of July, 2009.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge