UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN K. KLEIN,

        Plaintiff,

v.                                                     Case No. 09-C-562

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY and WELLS FARGO BANK
WISCONSIN, N.A.,

        Defendants.

## ORDER DENYING DEFENDANT'S MOTION FOR
## JUDGMENT ON THE PLEADINGS

Plaintiff Kevin K. Klein filed this action seeking payment of $150,000 pursuant to a Certificate of Insurance issued by Defendant Hartford Life and Accident Insurance Company ("Hartford") that insured Mary J. Klein under a Group Benefits Accidental Death and Dismemberment Policy. Mr. Klein, the primary beneficiary of the Mary J. Klein Revocable Trust, which in turn was the beneficiary named in the Certificate, claims that Hartford wrongfully denied the trustee's claim for the proceeds of the Policy following Mary's death. Mr. Klein also alleges that Hartford's denial of the claim was in bad faith.

Hartford removed this case from Brown County Circuit Court on June 5, 2009, alleging diversity jurisdiction under 28 U.S.C. § 1332. Defendant Wells Fargo Bank Wisconsin N.A.

("Wells Fargo") has not yet appeared.[1] The case is presently before me on Hartford's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons that follow, Hartford's motion will be denied.

**BACKGROUND**

The facts in this case are taken from the pleadings. Hartford issued a Group Benefits Accidental Death and Dismemberment Policy to Financial Services Association. Under the terms of the Policy, Hartford agreed to pay up to 100% of the "Basic (Non-Contributory) Principal Sum Amount" of $1,000 for the accidental loss of life or dismemberment of each insured and his or her dependents. (Doc. 13-1, p. 1.) For a quarterly premium of $49.50, the insured could increase the "Principal Sum Amount" by $150,000. (*Id.*)

Wells Fargo, as a participating financial services organization, made the insurance provided by the Policy available to Mary J. Klein, one of its account holders. Sometime around June 3, 2005, Mary applied for accident coverage provided by the Policy in the amount of $1,000 Basic Principal Sum. (Compl. ¶ 4.) Hartford issued a Certificate of Insurance to Mary effective July 1, 2005. On or about October 21, 2006, Mary applied for the additional coverage of $150,000 and agreed to pay the associated premiums. (Compl. ¶ 5; Doc. # 5-1.) Hartford then issued a new Certificate of Insurance to Mary listing the increased Principal Sum Amount of $150,000. The new Certificate showed an effective date of January 1, 2007, and listed the Mary J. Klein Revocable

---

[1]Although Wells Fargo has not appeared, it did submit a notice in which it joined Hartford's notice of removal. (Notice of Removal, Ex. C.) In this document Wells Fargo notes that while plaintiff sued it as Wells Fargo Bank Wisconsin, N.A., its actual name is Wells Fargo Bank, N.A.

2

Trust of 2005 as the sole beneficiary. (Compl. ¶ 6.) Plaintiff Klein alleges that he is the principal beneficiary of the trust. (Compl. ¶ 1.)

Mary injured her head in a fall on December 23, 2006, and died on January 12, 2007. (Compl. ¶ 8.) After her death, Wells Fargo, as trustee, filed a claim with Hartford for payment of the $151,000 under the Policy. (Compl. ¶ 9.) Hartford issued a check to Wells Fargo as trustee in the amount of $1,000 but refused to pay the additional $150,000, claiming that Mary was not a covered person under the Policy. (Compl. ¶¶ 9, 11.) Mr. Klein alleges that Hartford still owes $150,000 under the Policy.

**DISCUSSION**

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings under Rule 12(c) are reviewed under the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)). A court should grant the motion "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The Court takes all of the factual allegations in the complaint as true, and draws all reasonable inferences in favor of the plaintiff. *Pisciotta*, 499 F.3d at 633. The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits. *N. Ind. Gun*, 163 F.3d at 452-53. The

3

Seventh Circuit has interpreted "written instruments" to include documents such as affidavits, letters, contracts, and loan documentation. *Id.* at 453.

In Wisconsin, the interpretation of an insurance contract is a question of law. *Danbeck v. Am. Family Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. The insurance contract is construed so as to give effect to the intention of the parties. *Id*. "The language of the policy is construed as it would be understood by a reasonable insured, and the reasonable expectations of coverage of an insured should be furthered by the interpretation given." *Schleusner v. IMT Ins. Co.*, 2006 WI App 240, ¶ 6, 297 Wis. 2d 368, 724 N.W.2d 430 (citing *Frost ex rel. Anderson v. Whitbeck*, 2002 WI 129, ¶ 20, 257 Wis. 2d 80, 654 N.W.2d 225). The words of the contract must be given their common and ordinary meaning, and when the language is unambiguous, the contract is enforced as written and no resort is made to rules of construction or the principles from the case law. *Danbeck*, 2001 WI 91, ¶ 10. "If the contract language is ambiguous, i.e., if it is susceptible to more than one reasonable interpretation, the language is construed in favor of coverage." *Id*.

Hartford contends that because the terms of the Certificate of Insurance are unambiguous and do not provide plaintiff any right to the $150,000 he seeks, it is entitled to judgment on the pleadings. Specifically, Hartford notes that the Certificate defines a "Covered Person" as "you or your Eligible Dependent while you, he or she is covered under the policy." (Doc. 13-1, p. 1.) Furthermore, the Policy covers only losses that result from bodily injury caused by an accident "which occurs while the Covered Person is covered under the policy." (Doc. 13-1, p.1.) Although Mary's death occurred after the effective date of the Certificate of Insurance that increased her Principal Sum Amount by $150,000, Hartford notes that the accident that directly resulted in her

4

death occurred prior to the effective date of the Certificate. Hartford therefore contends that Mary was not a Covered Person at the time of the accident and, thus, her beneficiary is not entitled to the $150,000 Principal Sum Amount provided under 2007 Certificate.

The flaw in Hartford's argument is that it ignores the fact that Mary was already an insured under the Policy at the time of the accident by virtue of the Certificate of Insurance it issued to her in 2005. Hartford assumes that the 2007 Certificate must have been in effect at the time of the accident in order for the increased coverage to apply, but neither its Policy, nor the Certificate it issued, says that. To the contrary, the Certificate provides that the accident must occur "while the Covered Person is covered by the policy." (Doc. 13-1, p. 1.) Mary was a Covered Person covered under the terms of the Policy at the time of the accident on December 23, 2006, and the Certificate adding the $150,000 increase to the Principal Sum Amount was in effect at the time of her death in January of 2007. It thus follows that the increased coverage amount applies.

Hartford accuses the plaintiff of turning "a blind eye to the distinction between the *status* of being covered versus the *amount* of such coverage." (Reply at 2.) Yet, no such distinction appears in any of Hartford's contract documents. If Hartford wanted to make increases in the Principle Sum Amount inapplicable to losses resulting from accidents that occurred before the effective date of the Certificate providing the increase, it easily could have done so. It could have stated in its Policy or Certificate of Insurance that increases in the Principal Sum Amount provided by a Certificate do not apply to losses that result from accidents that occur prior to the effective date of that Certificate. It did not do so, however, and it would be improper for this Court to read such a provision into the policy to avoid the coverage clearly provided, just as it would be improper to interpret the policy "to provide coverage for risks that the insurer did not contemplate or underwrite

5

and for which it has not received a premium." *American Family Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶ 23, 268 Wis.2d 16, 673 N.W.2d 65. To hold otherwise would be to ignore the rule that insurance policies are to be applied as written unless their terms are ambiguous. *See, e.g., Plastics Eng'g Co. v. Liberty Mut. Ins. Co.*, 2009 WI 13, ¶ 27, 315 Wis. 2d 566, 759 N.W.2d 613 ("The contract's words are to be given their common and ordinary meaning, and when the policy language is plain and unambiguous, we enforce the contract as written and without resorting to the rules of construction or principles from the case law.") (citation omitted); *Frost ex rel. Anderson v. Whitbeck*, 2002 WI 129, ¶ 17, 257 Wis. 2d 80, 654 N.W.2d 225 ("If the language of an insurance policy is unambiguous, a court will not rewrite the policy by construction and will interpret the policy according to its plain and ordinary meaning to avoid imposing contract obligations that the parties did not undertake.") (footnotes omitted).

For the above reasons, I cannot conclude that Hartford is entitled to judgment on the pleadings. Mary was a Covered Person under the underlying group policy at the time of her accidental fall in December 2006, and she is alleged to have died as a direct result of injuries sustained in that accident after the Certificate showing the additional $150,000 Principal Sum Amount became effective. Hartford's motion for judgment on the pleadings is **DENIED**. The Clerk is directed to set a scheduling conference under Rule 16.

**SO ORDERED** this  29th  day of December, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge